```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


PAUL J. McMANN,                      )
        Plaintiff,                   )
                                     )
        v.                           )
                                     )   C.A. No. 13-10264-WGY
CENTRAL FALLS DETENTION FACILITY     )
CORPORATION,                         )
        Defendant.                   )
```

ORDER

THIS CAUSE came before the Court upon a sua sponte review of the complaint. See 28 U.S.C. § 1915A (screening). Plaintiff Paul McMann, a resident of Weston, Massachusetts, is a pre-trial detainee[1] now incarcerated at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. He filed a verified class action complaint against the Central Falls Detention Facility Corporation (the "CFDFC") as well as unknown employees of the CFDFC whom he hopes to identify through discovery. See Docket No. 1. McMann brings this action on behalf of himself and a class of inmates held at the CFDFC. Id. at ¶ 3. He alleges that the defendant violated plaintiff's "First Amendment rights to research media contact information through the internet and to write the media through email." Id. at ¶ 1. McMann pleads federal subject matter jurisdiction pursuant to both diversity of citizenship, 28 U.S.C. § 1332, and the presence of a federal

---

[1] United States v. McMann, C.R. No. 10-10387-RWZ (sentencing scheduled for Sept. 18, 2013).

question, 28 U.S.C. § 1331.  <u>Id.</u> at ¶ 5.

In the absence of any allegation to the contrary, the Court will presume that plaintiff's Massachusetts domicile remains his domicile during the period of his detention in Rhode Island. Even so, this Court finds that venue does not lie within the District of Massachusetts.  Venue exists in

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The proper district in all three scenarios outlined in Section 1391(b) is the District of Rhode Island.  First, the only identified defendant is located in Rhode Island; McMann's residence is irrelevant to the inquiry concerning subsection 1. As to subsection 2, all of the events giving rise to McMann's claims arose in Rhode Island.  Finally, assuming McMann discovers the identity of the CFDFC employees, a majority of the parties, and likely all witnesses, will be located in Rhode Island, making venue more convenient in Rhode Island.

Plaintiff bears the burden of showing that the Court has personal jurisdiction over a defendant.  <u>Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.</u>, 290 F.3d 42, 50 (1st Cir.

2002).  In order for Massachusetts to exercise personal jurisdiction over the CFDFC, an out-of-state defendant, the Due Process Clause requires that the CFDFC have sufficient minimum contacts with the state, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 s. Ct. 154, 90 L. Ed. 95 (1945) (quoting Miliken v. Meyer, 311 U.S. 457, 463, 61 SA. Ct. 339, 85 L. Ed. 278 (1940)).  There is not a single fact indicating that this Court has personal jurisdiction over the defendant CFDFC.

A district court may transfer any civil action to another district "[f]or the convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).  "It is well settled that a court may transfer a case sua sponte pursuant to 28 U.S.C. §§ 1404(a)...." Desmond v. Nynex Corp., 37 F.3d 1484, 1994 WL 577479, *3 (1st Cir. 1994).  Although "there is a strong presumption in favor of the plaintiff's choice of forum," Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000), accord Astro-Med. Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 13 (1st Cir. 2009), "[w]here the operative facts of the case have no material connection with this district, plaintiff's choice of forum carries less weight." United States ex rel. Ondis v. City of Woonsocket, R.I., 480 F. Supp. 2d 434, 436 (D. Mass. 2007) (quoting Goodman v. Schmalz, 80 F.R.D. 296, 302 (E.D.N.Y. 1978)).

Based upon the foregoing, transfer to the District of Rhode Island is appropriate.  Accordingly, it is hereby ORDERED that the case is TRANSFERRED to the United States District Court for the District of Rhode Island.
SO ORDERED.


July 30, 2013                             /s/ William G. Young
DATE                                      WILLIAM G. YOUNG
                                          UNITED STATES DISTRICT JUDGE